PEARSON, Judge
(dissenting).
It is my view that the .trial court had jurisdiction to enter the restraining order pursuant to the statutory law of this State. Section 608.29, Fla.Stat, F.S.A. provided for the appointment of a receiver in this case. It is specifically provided in subsection (2) thereof:
“(2) The circuit court shall have jurisdiction of said application and of all questions arising in the proceedings thereon, and may make such orders and decrees and issue injunctions therein as justice and equity shall require.”
In order to effect the dissolution provided by statute, the court ordered a sale of the assets of the corporation. The primary asset of the corporation was its going insurance business. In order to render the .sale effective, it was necessary for the court to protect the asset which it had ordered sold.
We do not have before us the record of the testimony and other evidence received by the trial court upon the application for the restraining order. Therefore, it must be presumed for the purposes of this appeal that the testimony presented to the chancellor clearly established that the order appealed was necessary for the protection of creditors and stockholders of the dissolved corporation.
I would therefore affirm.